UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRET WILLIAM ROSS,<br><br>      Petitioner,<br><br> v.<br><br>JASON BENNETT,<br><br>      Respondent. | CASE NO. 3:24-cv-05528-TL-BAT<br><br>**REPORT AND RECOMMENDATION** |

On August 5, 2024, the Honorable Tana Lin issued an order denying Petitioner's request to proceed *in forma pauperis* (IFP) and ordered dismissal of the case if Petitioner failed to pay the $5.00 filing fee. Dkt. 5. Petitioner did not pay the filing fee and instead filed a notice of appeal to Court of Appeals for the Ninth Circuit, on August 13, 2024. Dkt. 13.

On August 20, 2024, the Ninth Circuit issued a notice that no briefing schedule would be set until the either the District Court or the Circuit determined whether a certificate of appealability (COA) should be issued. Dkt. 16.

The Court first recommends an order of dismissal and judgment be entered because Petitioner has failed to abide by Judge Lin's order to pay the $5.00 filing fee. While Petitioner has filed a number of pleadings after Judge Lin ordered he pay the filing fee, none of his pleadings regard whether he has the ability to pay the filing fee.

REPORT AND RECOMMENDATION - 1

1  The Court next recommends that issuance of a COA be denied. The Ninth Circuit's notice (Dkt. 16) implies the Court should address issuance of a COA. Petitioner requests habeas relief under 28 U.S.C. § 2241, but the relief he seeks—release for "illegal detention" based upon the validity of his conviction and sentence—is relief available only via a § 2254 habeas petition. A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court finds issuance of a COA should be denied for three reasons. First, no reasonable jurist would disagree Petitioner has the ability to pay the $5.00 filing fee and failed to do so as directed by the Court.

Second, Petitioner contends he was convicted in a state court and is "illegally" detained because his Fourth Amendment rights were violated due to an unreasonable search and seizure and because probable cause did not support issuance of a warrant. *See* Dkt. 1 (memorandum). Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Here, Petitioner had an opportunity to litigate his unlawful search and seizure claim in the state courts. "The Washington Criminal Rules for Superior Court provide for a full and fair opportunity to litigate Fourth Amendment claims." *Hunter v. Miller-Stout*, No. C12–5517 RBL-KLS, 2013 WL

REPORT AND RECOMMENDATION - 2

1966168, at *14 (W.D. Wash. Apr. 23, 2013), report and recommendation adopted, 2013 WL 1964928 (W.D. Wash. May 10, 2013); *see also* Washington State Criminal Procedure Rule CrR 3.6.

And third, the Clallam County Superior Court's records show Petitioner pleaded guilty to the crimes for which he was convicted and sentenced.[1]  A petitioner who pleads guilty cannot challenge pre-plea constitutional violations on habeas corpus. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Hudson v. Moran*, 760 F.2d 1027, 1029–30 (9th Cir.1985). For this additional reason, Petitioner's claim his Fourth Amendment rights were violated should be dismissed with prejudice.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 10, 2024.** The Clerk shall note the matter for **September 13, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 27th day of September, 2024.

　　　　　　　　　　　　　　　　　　　　BRIAN A. TSUCHIDA
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] *See* Search Results (wa.gov)

REPORT AND RECOMMENDATION - 3