UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRET WILLIAM ROSS,<br><br>　　　　　　Petitioner,<br>　v.<br>JASON BENNETT,<br><br>　　　　　　Respondent. | CASE NO. 3:24-cv-05528-TL<br><br>ORDER ON MISCELLANEOUS FILINGS |

This case is a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The matter comes before the Court on Petitioner's multiple filings (Dkt. Nos. 6, 7, 8, 9, 10) following the Court's entry of an Order on August 7, 2024 (Dkt. No. 5), that adopted the assigned United States Magistrate Judge's Report and Recommendation (Dkt. No. 3). In the Court's August 7 Order, it denied Petitioner's application to proceed *in forma pauperis* ("IFP Application") and warned Petitioner that a failure to pay the $5.00 filing fee by August 21, 2024, would result in dismissal of his case. Dkt. No. 5 at 2. Rather than pay the fee, Petitioner filed a flurry of

proposed motions (Dkt. Nos. 6, 9, 10) and requests (Dkt. Nos. 7, 8,[1] 14) and an appeal to the Ninth Circuit (Dkt. No. 13).

Docket Number 6 is a "Motion Requesting Discovery," based on a standardized template designed for cases arising under 28 U.S.C. § 2254. Discovery prior to the Rule 26(f) conference—and, here, prior to Defendant's appearance—is generally premature. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). The motion for discovery is therefore DENIED.

Petitioner's remaining five filings following the Court's August 7 Order amount to a request for case records. Docket Numbers 7 and 8 seek certified copies of multiple files from the Clallam County Clerk under 28 U.S.C. § 2250.[2] This Court does not have authority over the Clallam County Clerk's Office. Therefore, the request is DENIED.

Docket Numbers 9 and 10 also seek production of records under 28 U.S.C. § 2250 but appear to be directed at records from this District.[3] Pursuant to this District's fee schedule,[4] paper copies of unsealed documents can be mailed upon request for $0.50 per page (with an additional per-document fee if the copies must be certified). For this matter, an uncertified copy of the docket sheet and all unsealed documents—which altogether comprise 92 pages—would,

---

[1] Though titled on the docket as "supplemental authority," this is actually a records request. *See generally* Dkt. No. 6.

[2] These filings are identical. *See generally* Dkt. Nos. 7, 8.

[3] These filings are also identical. *See generally* Dkt. Nos. 9, 10.

[4] United States District Court for the Western District of Washington, *Schedule of Fees*, https://perma.cc/VMN3-3YC2 (revised Dec. 1, 2023).

1  as of today, cost $46.00. As Petitioner's IFP Application was denied, unless and until Petitioner

2  makes arrangements to pay the applicable copying fees, his request for paper copies is DENIED.

3        Finally, because Petitioner has filed a notice of appeal, the Court as a general rule has lost

4  jurisdiction over the matters on appeal. *See Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242

5  F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court [loses]

6  jurisdiction over the matters being appealed."). Therefore, beyond addressing the Ninth Circuit's

7  notice directing the Court to determine whether a certificate of appealability should be issued

8  (Dkt. No. 16), any future filings requesting action from this Court will not receive a response,

9  unless such response is directed by the Ninth Circuit or is necessary to preserve the status quo in

10 this case. *See id.* (holding that the district court only "retains jurisdiction during the pendency of

11 an appeal to act to preserve the status quo").

12

13       Dated this 8th day of October 2024.

14

15                                          Tana Lin
                                         United States District Judge